UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GUSTAVO ADRIAN PRIEGO,

            Plaintiff,

    v.

RANDY GROUNDS,

            Defendant.

Case No.  14-cv-02366-JD

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Re: Dkt. Nos. 2, 12

      Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983.  Defendants have removed this case from state court, paid the filing fee, and have requested that the Court screen the complaint.

## DISCUSSION

### I.      STANDARD OF REVIEW

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

United States District Court
Northern District of California

claim showing that the pleader is entitled to relief."  Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that:  (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.   LEGAL CLAIMS

Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs.  Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *Id.* at 1059.

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  *Id.*  The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment.  *Id.* at 1059-60.

2

United States District Court
Northern District of California

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but also "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but did not actually know, the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). In addition "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference.... [Prisoner] would have no claim for deliberate medical indifference unless the denial was harmful." *Shapely v. Nevada Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff suffers from tears of the intercarpal ligaments and triangular fibrocartilage in his wrist. Plaintiff states that defendant Dr. Sullivan initially denied requests for pain medication and for a chrono to use medical waist-restraints instead of handcuffs. Several months later, plaintiff received an MRI and a surgery consultation, and Dr. Sullivan then prescribed pain medication. Liberally construed this states a claim against Dr. Sullivan.

When plaintiff received the surgery consultation, it was recommended that he receive surgery, but he states that defendant Dr. Bright denied the surgery. This claim is also sufficient to proceed.

Plaintiff also names Dr. Adams as defendant, but only alleges that she was contacted by the Prison Law Office, but provides no more information. While plaintiff names the warden as defendant, there are no allegations against him. These two defendants are dismissed with leave to amend to provide additional information. If plaintiff fails to file an amended complaint, this case will proceed solely against Dr. Bright and Dr. Sullivan

## CONCLUSION

1.      The complaint is **DISMISSED** with leave to amend. The amended complaint must

be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of all defendants except Dr. Bright and Dr. Sullivan and this case will only proceed against them

    2.      Defendants' motions to screen the complaint (Dockets No. 2, 12) are **GRANTED**.

    3.      It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    **IT IS SO ORDERED.**

Dated:  October 3, 2014

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                    NORTHERN DISTRICT OF CALIFORNIA

6

7    GUSTAVO ADRIAN PRIEGO,                          Case No.  14-cv-02366-JD

              Plaintiff,

8
              v.                                     **CERTIFICATE OF SERVICE**
9
     RANDY GROUNDS,
10
              Defendant.
11

12          I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
     District Court, Northern District of California.
13

14          That on 10/3/2014, I SERVED a true and correct copy(ies) of the attached, by placing said
     copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
15   said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
     located in the Clerk's office.
16

17   Gustavo Adrian Priego ID: P-87815
     P.O. Box 7500
18   Crescent City, CA 95532

19

20
     Dated: 10/3/2014
21

22                                                  Richard W. Wieking
                                                    Clerk, United States District Court
23

24

25                                                  By:
26                                                  LISA R. CLARK, Deputy Clerk to the
                                                    Honorable JAMES DONATO
27

28

                                                    5

*United States District Court*
*Northern District of California*