1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7    GUSTAVO ADRIAN PRIEGO,                    Case No.  14-cv-02366-JD
                   Plaintiff,
8
             v.                               **ORDER ADDRESSING MOTIONS**
9
                                              Re: Dkt. Nos. 29, 46, 48, 50, 53, 56, 57, 63
10   SULLIVAN, et al.,
                   Defendants.
11
12
13        Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.

14   He alleges that defendants were deliberately indifferent to his serious medical needs.  Defendants

15   filed a motion for summary judgment on June 8, 2015, that argued there was no deliberate

16   indifference to serious medical needs and defendants were entitled to qualified immunity.  Before

17   he filed an opposition, plaintiff sought a stay while he completed discovery.  Plaintiff did not

18   describe what discovery he sought and the Court denied the stay but provided plaintiff an

19   opportunity to file a motion to compel with specific requests.  Plaintiff filed a motion to compel

20   and defendants have filed a motion seeking to stay discovery until the qualified immunity issue is

21   settled.

22        A district court should stay discovery until the threshold question of qualified immunity is

23   settled.  *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Anderson v. Creighton*, 483 U.S.

24   635, 646 n.6 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Dimartini v. Ferrin*, 889

25   F.2d 922, 926 (9th Cir. 1989), amended, 906 F.2d 465 (9th Cir. 1990), cert. denied, 501 U.S. 1204

26   (1991).

27        In light of these cases, the motion to stay is granted and plaintiff may pursue additional

28   discovery if the summary judgment motion is denied.  Moreover, the Court has reviewed the

United States District Court
Northern District of California

motion to compel and plaintiff's requests have either been provided or are not relevant to the summary judgment motion.  Much of the motion seeks discovery to ascertain if defendants have been sued in other instances, but this does not relate to the subject matter of the summary judgment motion.  Plaintiff also seeks documents from his medical record, but defendants note that plaintiff already has access to his medical record and many documents were included in the summary judgment motion.  There are nearly 95 pages of medical records in the motion for summary judgment and plaintiff included nearly 50 pages of medical records in his opposition.  Defendants also noted in a June 30, 2015 letter to plaintiff that they would be able to provide his sick call requests since January 1, 2007, and if he was unable to access specific medical documents, defendants would provide further assistance.  Motion to Compel, Ex. B.  It is not clear is plaintiff sought further assistance for specific documents.

However, within ten (10) days of service of this order, plaintiff may identify to the Court specific documents with dates from his medical file that he requires to oppose summary judgment and briefly describe why they are relevant.  Plaintiff must review the 150 pages of medical records in the summary judgment motion and opposition to ensure he does not already have the documents and he must confirm that they were not provided by defendants after this motion to compel was filed.  If additional discovery is ordered to be provided by defendants, plaintiff will be provided an opportunity to file an addendum to his opposition to summary judgment.  The Court will not entertain broad requests or requests for documents outside of his medical file.  The requests must relate to this case.

### CONCLUSION

1.      The motion to compel and for sanctions (Docket No. 53) is **DENIED** without prejudice as discussed above.[1]  The motion to stay discovery (Docket Nos. 56, 63) is **GRANTED**.

2.      Within **ten (10) days** of service of this order, plaintiff may identify to the Court specific documents from his medical file that he requires to oppose summary judgment and briefly describe why they are relevant.  If additional discovery is provided by defendants, plaintiff will be

---

[1] The request for sanctions is denied as meritless.

United States District Court
Northern District of California

provided an opportunity to file an addendum to his opposition to summary judgment.

3.     Plaintiff's motion to amend his opposition to summary judgment (Docket No. 57) is **GRANTED**.

4.     The motions for extensions (Docket Nos. 29, 46, 48, 50) are **GRANTED** and all filings are deemed timely filed.

**IT IS SO ORDERED.**

Dated: October 13, 2015

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GUSTAVO ADRIAN PRIEGO,

          Plaintiff,

    v.

SULLIVAN, et al.,

          Defendants.

Case No.  14-cv-02366-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 13, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gustavo Adrian Priego ID: P-87815
PBSP-SHU (C/3 #205)
P.O. Box 7500
Crescent City, CA 95532

Dated: October 13, 2015

Susan Y. Soong
Clerk, United States District Court

By:
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

4